**IN RE the Disciplinary Matter Involving Gayle BROWN, Attorney.**

**Supreme Court No. S-16552**

Supreme Court of Alaska.

March 10, 2017

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices. Carney, Justice, dissenting.

### Order

Bar Counsel for the Alaska Bar Association and attorney Gayle Brown entered into a stipulation for discipline by consent that would result in a public censure. The Bar Association's Disciplinary Board approved the stipulation and now recommends that we

---

1. The stipulation has been edited to delete identifying references to others, for clarification, and to conform to supreme court technical requirements; attachments to the stipulation have been removed.

do so, as well, and so censure Brown. The facts of Brown's misconduct are set forth in the stipulation, which is attached as an appendix.[1] We take these facts as true,[2] and we apply our independent judgment to the sanction's appropriateness.[3]

Based on the stipulated facts we agree with the legal analysis—set out in the stipulation—that a public censure is the appropriate sanction for Brown's misconduct. Accordingly:

Gayle Brown is PUBLICLY CENSURED and shall appear before this court at a later-scheduled time to accept the censure in person. In addition Brown shall pay $1,000 to the Alaska Bar Association within 60 days from entry of this order for disciplinary costs and fees incurred in this case.

Entered by direction of the court.

CARNEY, Justice, dissents. She would reject the stipulation because the agreed-upon discipline is too lenient.

### Attachment

BEFORE THE ALASKA BAR ASSOCIATION DISCIPLINARY BOARD

**STIPULATION FOR DISCIPLINE BY CONSENT PURSUANT TO ALASKA BAR RULE 22(h)**

Pursuant to Alaska Bar Rule 22(h), Gayle Brown, Respondent, by and through counsel, John Murtagh, and Louise Driscoll, Assistant Bar Counsel, stipulate as follows:

**JURISDICTION AND VENUE**

1. Gayle Brown is, and was at all times pertinent, an attorney at law admitted to practice by the Supreme Court of Alaska, and a member of the Alaska Bar Association. At all times relevant Brown practiced law in Anchorage, Third Judicial District, Alaska.

2. Brown is, and was at all times pertinent, subject to the Alaska Rules of Professional Conduct (ARPC) and to Part II, Rules

---

2. *Cf. In re Miles,* 339 P.3d 1009, 1018 (Alaska 2014) (stating we independently review entire disciplinary proceeding record while affording great weight to Disciplinary Board's findings of fact).

3. *Id.*

of Disciplinary Enforcement, Alaska Bar Rules, giving the Alaska Supreme Court and the Disciplinary Board of the Bar jurisdiction to resolve this matter.

## BACKGROUND FACTS

3. This matter was referred to Bar Counsel from the Court of Appeals of the State of Alaska following a finding that Brown performed incompetently in her representation of her client and that she was in contempt of the Court for ignoring a previous Court order.[1]

4. In April 2014 a jury convicted T.K. of first- and second- degree murder and assault charges. The superior court sentenced T.K. to 68 years. Brown, working under contract with the Office of Public Advocacy (OPA), was appointed to represent T.K. on his appeal. She entered her appearance in the case on June 11, 2015.

5. Two claims were asserted on appeal: first, the evidence at trial was legally insufficient to support T.K.'s convictions; and second, the trial judge erred by failing to instruct the jury on a person's right to use force to terminate a theft of property.

6. Prior counsel had designated the entire trial record as essential to a determination of the issues on appeal and requested a trial transcript. Under Alaska Appellate Rule 210, the Clerk of the Appellate Courts arranges for preparation of the transcript when a transcript is prepared at public expense.

7. When she was appointed as counsel Brown did not have any file materials. She asked OPA to send her whatever materials the Court of Appeals had sent to OPA. In response she received documents on multiple CDs and her office printed them out.

8. Appellate Rule 212 sets out the substantive requirements for filing a brief. The appellant should provide a brief description of the case, a concise statement of proceedings in, and decision of, the trial court. The appellant should state the facts relevant to each issue, with a reference to the record. Such reference may be to an excerpt, a transcript, or to pages of the trial court file. References may also be made to untranscribed portions of the electronic record.

9. Appellate Rule 212(c)(8)(B) requires an appellant's brief to indicate the pages of the record where each point on appeal was raised in the trial court.

10. Brown requested an extension of time to prepare and file her opening brief. In the extension request Brown stated that her office had received "the appellate file, transcript and complete copy of the trial court record." Whether "transcript" was limited to the grand jury transcript or Brown erroneously believed at the time that the trial transcript was copied from the CD, the parties agree that Brown did not intentionally mislead the Court when requesting the extension; she was unaware that her office had neither a hard copy nor electronic version of the trial transcript.

11. T.K. requested a copy of the trial court record and exhibits and a copy of trial and sentencing transcripts. Brown's office sent him a set of documents copied from the CDs. Brown did not confirm the entirety of the record at this time.

12. Brown prepared the opening brief for her client. During that process she realized she did not have the trial transcript. Instead of requesting the trial transcript she cited to the transcript of the grand jury proceedings underlying T.K.'s indictment for the charges for which he was eventually convicted.

13. If Brown had inquired of either OPA or the appellate court clerk she would have learned that the trial transcript had been prepared and sent to OPA on May 19, 2015.

14. On April 19, 2016, the appellate court clerk rejected Brown's initial version of the brief because she failed to support many factual assertions in the statement of the case by citations to the record and she improperly supported factual assertions by citations to the grand jury record rather than by citations to the trial transcript. The order stated in part, "Appellant cites the grand jury transcripts rather than the trial transcripts for factual assertions." Brown was

---

1. Exhibit 1 to the stipulation was a copy of the Court's August 9, 2016, order, referred to Bar Counsel; it has been removed for purposes of the supreme court order.

directed to correct the problems and resubmit the brief.

15. On May 16, 2016, Brown submitted a "corrected" version of the opening brief. Brown added additional citations to support factual assertions, but she still relied on citations to the grand jury record, not on citations to the trial transcript. She changed no citations previously used in her initial opening brief and resubmitted an identical and uncorrected version of the statement of the case.

16. On May 25, 2016, the appellate court clerk rejected T.K.'s brief for lack of proper citations to the record. The Order said:

> **Although appellant added record citations to the argument section of his brief, he failed to correct the incorrect record citations on pages 1-6. On these pages, appellant continues to cite the grand jury transcripts, rather than providing appropriate record citations to the trial record. Because appellant is raising issues relating to his trial and not raising a grand jury issue, appellant should cite the record from trial.** (Emphasis in original order.)

Brown was directed to resubmit a corrected brief on or before June 7, 2016.

17. On June 6, 2016, Brown filed Appellant's Response to Order Rejecting Appellant's Brief. She responded that she had not been provided a copy of the trial transcript in hard copy or electronic form. She decided to rely on sworn statement contained in the grand jury transcript as "the most expeditious option" and because she had "no reason to believe that facts contrary to the sworn statements provided to the Grand Jury would be raised at trial." Her review of log notes did not reveal contrary assertions of fact. She also noted the State could contradict any assertions of fact in appellant's brief by citing to the transcript. She concluded, "it is the Appellant's contention that further delay in this matter to secure a copy of the subject trial transcript solely for the purpose of altering citations for the same factual assertion

from 'R.' to 'Tr.' would be a needless waste of time and resources unsupported by the Rules of Appellate Procedure." Brown did not file a corrected brief with this response.

18. On July 12, 2016, the Court of Appeals issued an order that traced the unsuccessful filing history of appellant's brief.[2] The Court concluded that Brown had been incompetent in her prosecution of T.K.'s appeal and that she may also have been in contempt of the Court. The Court noted that Brown deliberately failed to correct citations when she submitted the second version of her brief. The Court summarized:

> In other words, even though this Court has **twice** told Brown that she is not allowed to rely on citations to the grand jury transcript, and that she must provide trial transcript citations to support her assertions about the evidence presented at T.K.'s trial, Brown has yet to make any effort to comply with this Court's orders. Instead, Brown asserts that there is no good reason for her to alter the citations in her brief—that this "would be a needless waste of time and resources," unless and until the State affirmatively demonstrates that her assertions about the trial evidence are wrong. (Emphasis in original.)

Noting an attorney is not allowed to simply ignore a court order, the Court directed Brown to show cause why she should not be found in contempt of the Court. The Court also ordered OPA to show cause why OPA should not assign the appeal to another attorney.

19. Concurring, Judge Allard noted that Brown's assertions about not receiving a copy of the trial transcript seemed contrary to filings she submitted in a second and third request for extension of time to file her brief. Also, T.K. had contacted the appellate court clerk to complain about not having received a copy of the trial court file and trial transcript from Brown. T.K. explained that he needed the trial transcript to find trial court errors. After contacting Brown, the court clerk wrote T.K. that Brown would send the requested items to him. In other words, Brown

2. Exhibit 2 to the stipulation was a copy of the July 12, 2016, Order; it has been removed from the stipulation for purposes of the supreme court order.

did not clarify that she lacked the trial transcript.

20. Brown promptly responded to the show cause order. She denied any demonstration of contempt or disrespect for the Court. Rather she stated that she had been under the honest impression that the appellate court clerk had misinterpreted or misread the appellate rules. Even after unsuccessful resubmittal of the brief, Brown sought merely to clarify her basis for citing to the grand jury transcript. In retrospect, she acknowledged the better course of action would have been to request an extension of time to secure and review the trial transcript. Brown apologized to the Court for any appearance of contempt.

21. In response to the Court's show cause order, OPA removed Brown from the T.K. appeal and all other appellate cases under contract with the agency where an opening brief had not yet been submitted.

22. In its August 9, 2016 order, the Court concluded that Brown committed an act of contempt by not complying with the Court's April 19 order. The Court decided Brown truthfully described her conduct because her explanation went against her professional interest. That is, Brown incompetently reasoned that she could present T.K.'s appellate claims, claims that hinged on evidence presented at T.K.'s trial, without reading the record of T.K.'s trial.

23. The Court concluded Brown ignored a Court order and found her in contempt. The Court fined Brown $1,000, of which the court suspended $500 on the condition that she violate no Court orders during the next twelve months.

## DISCIPLINARY VIOLATIONS

### Rule 1.1

#### Competence

24. Alaska Rule of Professional Conduct 1.1 requires a lawyer to represent a client competently. Competent representation "requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

25. On appeal T.K. claimed the State failed to present sufficient evidence during the trial to support his convictions and the trial judge failed to instruct the jury during the trial on a person's right to use force to stop a property theft. Briefing T.K.'s appellate claims of deficiencies at trial without reading the record of T.K.'s trial demonstrated conduct below the minimum standard of competency expected of a criminal law practitioner in violation of Rule 1.1.

### Rule 3.4

#### Fairness to Opposing Party and Counsel

26. Alaska Rule of Professional Conduct 3.4(c) states: "[A] lawyer shall not knowingly violate or disobey an order of a tribunal or an obligation under the rules of a tribunal, except for an open refusal based on an assertion that the order is invalid or that no valid obligation exists."

27. Brown admittedly ignored a Court order and failed to heed the instructions of the Court of Appeals.

## SANCTION ANALYSIS

28. The American Bar Association Standards for Imposing Lawyer Sanctions (1986) (ABA Standards), adopted in *In re Buckalew*, 731 P.2d 48, 52 (Alaska 1986), and reported decisions of the Alaska Supreme Court, govern the sanctions for Brown's misconduct.

29. Under ABA Standard 3.0, the following factors are to be considered in imposing sanctions after a finding of lawyer misconduct:

(a) the duty violated;

(b) the lawyer's mental state;

(c) the actual or potential injury caused by the lawyer's misconduct; and

(d) the existence of aggravating or mitigating factors.

30. These factors are addressed in a three-part methodology: 1) determine the first three factors; 2) determine recommended sanction; and 3) determine whether aggravating or mitigating circumstances exist. *In re Schuler*, 818 P.2d 138, 140 (Alaska 1991).

## Part 1: Duty Violated; Lawyer's Mental State;

### Actual or Potential Injury

#### A. Duty Violated

31. By violating Rule 1.1, Brown violated a duty owed to her client to prepare his opening brief competently. By violating Rule 3.4(c), Brown violated a duty owed to the legal system to respond appropriately to a Court's orders. *See* ABA Standards §§ 4.5 and 6.1.

#### B. Mental State

32. Under the ABA standards:

" 'Intent' is the conscious objective or purpose to accomplish a particular result."

" 'Knowledge' is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result."

" 'Negligence' is the failure of the lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation."

33. When Brown failed to think through the requirement of a trial transcript to support her client's claims on appeal and failed to check with the appellate court clerk's office or OPA for a copy of the trial transcript, she acted negligently. Her failure to comply with the terms of the Court of Appeals order was a deliberate act, but it was not an act performed with a purpose to show disrespect or contempt.

#### C. Actual or Potential Injury

34. Brown's incompetent handling of the appeal led OPA to assign the appeal to another attorney, resulting in delay of appellate proceedings. Delay due to reassignment to new counsel, and his inability to obtain a copy of the trial transcript from Brown, caused T.K. significant stress. Despite his attorney's ineffectiveness, T.K. was not legally prejudiced. New counsel will argue the merits of T.K.'s case. There is no likelihood that T.K. will suffer an adverse ruling on the merits due to Brown's failure to submit a proper brief.

35. A lawyer, as an officer of the court, must abide by the legal rules of substance and procedure which affect the administration of justice. Failure to obey court orders can interfere with the orderly trial and appellate process. Brown's disregard of the appellate court clerk's office's curative efforts eventually required the Court's involvement and the issuance of show cause and contempt orders.

## Part 2: Recommended Sanction under ABA Standards

36. ABA Standards § 4.0 sets out the sanctions for Rule 1.1 violations. Section 4.5 discusses sanctions for lack of competence, absent aggravating and mitigating circumstances.

37. Section 4.52 states a suspension is generally appropriate when a lawyer engages in a practice area in which the lawyer knows she is not competent and cause injury or potential injury to her client.

38. Section 4.53(a) provides a reprimand is generally appropriate when a lawyer "demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client."

39. Section 4.54 recommends an admonition "when a lawyer engages in an isolated instance of negligence in determining whether he or she is competent to handle a legal matter, and causes little or no actual or potential injury to a client."

40. Brown is experienced in handling criminal appeals. The parties agree that the lack of competency demonstrated by the incorrect briefing and failure to obtain the trial transcripts was isolated, but also seemingly inexplicable. The parties agree that prior to the application of aggravating and mitigating factors, the violation of Rule 1.1 supports a reprimand, also known as a public censure under ABA Standard § 2.5.

41. Section 6.2 discusses the range of sanctions for abuse of the legal process. Under § 6.22 a suspension is appropriate when a lawyer knows that she is violating a court

order or rule, and there is injury or potential injury to a client, or interference or potential interference with a legal proceeding. In many cases, courts suspend lawyers when the conduct fails to comply with an order that directly affects the lawyer such as a child support order or when there are multiple instances of misconduct that interferes with the orderly trial process.

42. Under § 6.23 a reprimand "is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding."

43. The parties agree that Brown's conduct was knowing, but that the degree of injury to her client and the degree of disruption to appellate procedures does not warrant a suspension, but rather a reprimand, that is, a public censure.

## Part 3: Aggravating and Mitigating Factors

44. ABA Standards § 9.0 sets out factors that may be considered in aggravation and mitigation. Factors that serve to aggravate Brown's conduct are:

- prior disciplinary offenses, 9.22(a). Bar Counsel issued a written private admonition to Brown in 2014. Brown and her client disputed an amount of fees owed for representation on a criminal appeal although Brown had agreed to refund some portion of her fee. A fee arbitration panel stated that Brown failed to calculate and promptly pay the uncontested amount prior to the fee hearing. Brown violated Rule 1.5 by failing to avoid a controversy over fees and Rule 1.15 by failing to account for and deliver fees promptly.

- substantial experience in the practice of law, 9.22(i). Brown has been a member of the Alaska Bar since 1994.

45. Factors that serve to mitigate Brown's misconduct include:

- absence of a dishonest or selfish motive, 9.32(b).

- full and free disclosure to disciplinary board or cooperative attitude toward proceedings, 9.32(e).

- character or reputation, 9.32(g). Brown has volunteered every fall since 2000 for Anchorage Youth Court, teaching basic law classes to local youth in grades 7-12. Classes run for seven weeks, one evening a week. Brown is a member of the Lawyers' Assistance Committee of the Alaska Bar Association.

- imposition of other penalties or sanctions, 9.32(k). The Court of Appeals imposed a $1,000 fine of which $500 is suspended on condition that Brown violate no further Court orders during the next 12 months. Brown promptly paid. Brown has committed to repay OPA for funds she earned for work in the T.K. appeal. Additionally, she has been removed as counsel on other appeals OPA contracted with her to handle.

- remorse, 9.32(*l*).

46. While there is no magic formula for determining how aggravating and mitigating factors affect a sanction, the parties agree that mitigating factors minimize the aggravating circumstances of prior discipline and substantial experience in the practice of law.

## OTHER AUTHORITY

47. Brown and Bar Counsel have considered the following reported cases in which professional discipline was imposed by the Alaska Supreme Court for lack of competency and failure to obey a court order. *In re McGrath*, 259 P.3d 437 (Alaska 2011) (attorney suspended for three years for multiple ethics violations in two grievances. McGrath violated Rule 1.1 by failing to file an entry of appearance, failing to be aware of statutes and regulations that govern Workers' Compensation proceedings, failing to attend hearings, failing to be prepared for hearings that he attended, and failing to follow Board orders. McGrath violated Rule 3.4(c) by ignoring a Workers' Compensation Board order to refund $2,000 in fees within 30 days and arranging privately with the client to refund the fees when he returned to Alaska at an unspecified future date. McGrath also violated rules governing communication, conflict of

interest, safekeeping property, and truthfulness in statements to others.); *In re Ford*, 128 P.3d 178 (Alaska 2006) (Alaska Supreme Court suspended Ford for 90 days for knowingly disobeying a court order. Ford had a record of three disciplinary matters within 10-year-period, as well as previous admonishment for court order violation). In an unreported case, *In re Randall W. Patterson*, Supreme Court No. S-11502 (Order of 7/22/04), the Alaska Supreme Court publicly censured Mr. Patterson for lack of diligence by failing to comply with Court of Appeals filing deadlines and failing to move to reinstate an appeal (ARPC 1.3), failing to make reasonable efforts to expedite litigation (ARPC 3.2), failing to comply with court orders, and failing to pay a court-ordered fine imposed for missing deadlines. There were no aggravating factors and mitigating factors included no prior discipline history and absence of a dishonest or selfish motive.

## STIPULATED DISCIPLINE

48. Subject to approval by the Disciplinary Board of the Bar and by the Alaska Supreme Court, Brown and Bar Counsel agree that Brown will accept a public censure by the Alaska Supreme Court under Alaska Bar Rule 16(a)(4).

49. Brown will pay $1,000 in costs and attorney fees to the Alaska Bar Association within 60 days of entry of the Court's order.

DATED this 12th day of October, 2016, at Anchorage, Alaska.

ALASKA BAR ASSOCIATION

/s/ Louise R. Driscoll

Louise R. Driscoll

Assistant Bar Counsel

Bar Member No. 8511152

DATED this 11th day of October, 2016, at Anchorage, Alaska.

/s/ Gayle Brown

Gayle Brown

Respondent

Bar Member No. 9411094

DATED this 11th day of October, 2016, at Anchorage, Alaska.

/s/ John M. Murtagh

John M. Murtagh

Attorney for Respondent

Bar Member No. 7610119

## CONSENT OF RESPONDENT

Respondent hereby consents, pursuant to Alaska Bar Rule 22(h), to the discipline stipulated above and states that this consent is freely and voluntarily given and is not the subject of any coercion or duress and that Respondent admits to the allegations set forth above.

DATED this 11th day of October, 2016, at Anchorage, Alaska.

/s/ Gayle Brown

Gayle Brown

Respondent

Bar Member No. 9411094

SUBSCRIBED AND SWORN to before me this 11th day of October, 2016. (SEAL)

/s/

Notary Public in and for Alaska

My commission expires: _____