*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

# In the Supreme Court of the State of Alaska

| | |
|---|---|
| **In the Disciplinary Matter Involving** ) | |
| ) | Supreme Court No. S-17993 |
| **GAYLE BROWN, Attorney**. ) | |
| ) | ABA File Nos. 2018D120/2018D125/ |
| ) | 2018D232 |
| ) | |
| ) | **Order** |
| ) | |
| ) | **Order No. 113 – February 26, 2021** |

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

Bar Counsel for the Alaska Bar Association and attorney Gayle Brown entered into a stipulation for discipline by consent that would result in her suspension from the practice of law for three years and one day with one year of the suspension stayed. The Bar Association's Disciplinary Board approved the stipulation and now recommends that we do so, as well, and so suspend Brown. The facts of Brown's misconduct are set forth in the stipulation, which is attached as an appendix.[1] We take

---

[1] The stipulation has been edited to delete identifying references to others, for clarification, and to conform to supreme court technical requirements.

these facts as true[2] and apply our independent judgment to the sanction's appropriateness.[3]

Based on the stipulated facts we agree with the legal analysis — set out in the stipulation — that a three year and one day suspension with one year stayed is an appropriate sanction for Brown's misconduct. Accordingly:

Gayle Brown is **SUSPENDED** from the practice of law in Alaska for a period of three years and one day, effective March 28, 2021. Reinstatement proceedings following a served suspension of two years and one day will be conducted as set out in Alaska Bar Rule 29(c)(1)-(4). In addition, Brown must comply with the following conditions:

(a) For 12 months following reinstatement, Brown must be supervised/mentored by an attorney on active status with the Alaska Bar Association who is mutually acceptable to Bar Counsel and Brown; at least monthly the supervising attorney must meet with Brown to discuss matters such as case management, compliance with court deadlines, and communications with clients; the supervising/mentoring attorney must report telephonically to Bar Counsel monthly;

(b) During the term of supervision, if Brown commits a violation of Alaska Rules of Professional Conduct 1.3 or 1.4, and if the Disciplinary Board or the Supreme Court imposes discipline for the new misconduct, the year of stayed suspension in the present case will be imposed in addition to any discipline ordered for the new misconduct;

---

[2] *In re Brown*, 392 P.3d 474, 474 (Alaska 2017); *cf. In re Miles*, 339 P.3d 1009, 1018 (Alaska 2014) (stating we independently review entire disciplinary proceeding record while affording great weight to Disciplinary Board's findings of fact).

[3] *Id.*

(c)     Prior to seeking reinstatement, Brown must certify to Bar Counsel that she has earned at least nine credit hours of continuing legal education in the areas of ethics and law office management; and

(d)     Brown shall pay $1,000 to the Alaska Bar Association within 60 days from entry of this order for disciplinary costs and fees incurred in this case.

Entered by direction of the court.

Clerk of the Appellate Courts

_____/s/_____
Meredith Montgomery

cc:     Supreme Court Justices
        Clerks of Court

Distribution:

Louise Driscoll                          John Murtagh
Alaska Bar Association                    Counsel for Respondent Attorney
840 K Street, Suite 100                   1101 W. 7th Avenue
Anchorage AK 99501                        Anchorage, AK  99501

**ORD 113**

In The Disciplinary Matter )
Involving )
)
GAYLE BROWN, )
)
Respondent. )
)
_____ )

ABA Membership No. 9411094
ABA File No. 2018D120/2018D125 and 2018D232


## STIPULATION FOR DISCIPLINE BY CONSENT PURSUANT TO ALASKA BAR RULE 22(h)

Pursuant to Alaska Bar Rule 22(h), Gayle Brown, Respondent, by and through counsel, John Murtagh; and Louise Driscoll, Assistant Bar Counsel, stipulate as follows:

### JURISDICTION AND VENUE

1.      Gayle Brown is an attorney at law admitted to practice by the Supreme Court of Alaska, and a member of the Alaska Bar Association. Brown practices law in Anchorage, Third Judicial District, Alaska.

2.      Brown is subject to the Alaska Rules of Professional Conduct (ARPC) and to Part II, Rules of Disciplinary Enforcement, Alaska Bar Rules, giving the Alaska Supreme Court and the Disciplinary Board of the Bar jurisdiction to resolve this matter.

## BACKGROUND FACTS

**M.N. Matter**

3. On June 12, 2018, Brown self-reported to Bar Counsel that she made errors and failed to comply with her professional duties in M.N.'s application for post-conviction relief.

4. The court of appeals also referred this matter to Bar Counsel after finding that Brown performed incompetently in her representation of M.N. The two files were consolidated into this grievance proceeding.

5. M.N. was convicted of attempted sexual assault in the first and second degrees, and second-degree assault.

6. In November 2013, the court of appeals affirmed M.N.'s convictions and sentence on direct appeal.

7. In 2015, M.N. began post-conviction relief proceedings. Brown was appointed to represent M.N. in the post-conviction relief action, under contract with the Office of Public Advocacy.

8. The superior court dismissed M.N's post-conviction relief case in November 2016, after Brown failed to respond to the State's motion to dismiss. But two months later, the court granted M.N.'s motion to re-open the case on condition that Brown file an opposition to the State's motion to dismiss by February 13, 2017.

9. Brown failed to file a pleading by the February 13 deadline. Finding that Brown had filed nothing as of March 28, 2017, the superior court again dismissed M.N.'s post-conviction relief action.

10. M.N. began attending the legal clinic held every Wednesday at Spring Creek Correctional Center sometime in 2018. During this clinic, he first learned that he had a right to appeal the dismissal of his post-conviction relief action.

11. After learning about his appeal rights, M.N. called the court of appeals. The court informed him that the deadline for the appeal was May 28. He did not realize it was May 28 of the earlier year (2017).

12. Fourteen months later, on May 23, 2018, M.N. (acting pro se) wrote the court of appeals. In his letter, M.N. asked the court to accept a late-filed appeal of the dismissal of his post-conviction relief action. M.N. explained:

> [he] made many efforts to communicate with his court-appointed counsel, . . . Brown, but was unsuccessful in these attempts. . . . Brown would not take telephone calls from [him, she] refused to discuss [the] case with him [, and she] made no efforts to [apprise] him of the status of the case. . . . Brown never informed . . . [M.N.] that he could file a notice of appeal with the court of appeals[,] and never told him that there was an actual deadline [for doing so]. [M.N.] only found out that he could appeal as of today's date.

13. On June 4, 2018, Brown filed a formal notice of appeal on M.N.'s behalf. She also filed a motion to accept the late-filed appeal because her client's appeal was more than one year late.

14. In her affidavit accompanying her motion to accept the late-filed appeal, Brown stated that "the late filing of the appeal was not [M.N.'s] fault." She explained she filed the appeal late because M.N.'s case "escaped my docketing system."

15. Brown also filed a motion asking the court to appoint an attorney to represent M.N. on appeal. The court said the Office of Public Advocacy had the ultimate responsibility for representing M.N., and the choice of an appellate attorney for M.N. was within the agency's discretion.

16. Ruling on M.N.'s request for appeal, the court noted it was filed 389 days late. Under Alaska Appellate Rule 521, the court of appeals has no authority to accept an appeal filed more than 60 days late. But the 60-day limitation provision had

a remedy for a defendant who could prove that his failure to file his appeal in a timely manner was due to his court-appointed attorney's negligence. Accordingly, the court directed M.N.'s appellate attorney to describe with particularity when M.N. learned the superior court had dismissed his post-conviction relief action, when M.N. was informed of his right to appeal the dismissal, when (or whether) he was told of the filing deadline, and why no appeal was filed until 389 days after the deadline.

17. M.N.'s new appellate counsel filed a motion to accept the late-filed appeal along with an affidavit from M.N. In the affidavit, M.N. stated that Brown was not attentive to his post-conviction case: she was unavailable to discuss the case with him; her filings were late; her failure to file an affidavit from his trial attorney caused the case to be dismissed before the court reopened it; and after the court notified him of the dismissal of his application for post-conviction relief, he spoke to Brown who told him, "not to worry." She did not explain the consequences or significance of the dismissal, and she did not tell him of his right to appeal the trial court's decision.

18. Brown's neglect and failure to inform him of his rights in both the post-conviction relief action and his appeal deprived M.N. of both his right to ask for post-conviction relief and to appeal the dismissal of that action.

19. On July 16, 2018, the court of appeals issued an order. The court found the tardiness of M.N.'s appeal was "wholly attributable to the neglect and unprofessional conduct of his former attorney, . . . Brown." Concluding "the lateness of M.N.'s appeal is wholly the result of the ineffective assistance of counsel that he received from . . . Brown," the court granted M.N.'s motion to accept his late-filed appeal.

20. On July 9, 2019, the trial court re-opened the post-conviction relief action pursuant to an appellate court order dated April 4, 2019.

## DISCIPLINARY VIOLATIONS

## Rule 1.3

### *Diligence*

21.     Alaska Rule of Professional Conduct 1.3 requires a lawyer to "act with reasonable diligence and promptness in representing a client."

22.     Brown failed in her duty to provide diligent representation when she failed to respond to the State's motion to dismiss the action, thus allowing a post-conviction relief action to be dismissed, and by not filing an appeal timely.

## Rule 1.4(a)

### *Communication:  Case Status*

23.     Alaska Rule of Professional Conduct 1.4(a) requires a lawyer to keep a client reasonably informed about the status of a matter, to promptly comply with reasonable requests for information, and to explain a matter to the extent reasonably necessary to permit the client to make informed decisions.

24.     Brown violated Rule 1.4(a) by waiting six months before telling M.N. that his post-conviction relief action had been dismissed, and by not responding to his reasonable requests for information.  She failed to inform M.N. of his right to appeal, and she failed to ask him whether he wished to appeal the dismissal.

## Rule 3.2

### *Expediting Litigation*

25.     Alaska Rule of Professional Conduct 3.2 requires a lawyer to "make reasonable efforts to expedite litigation consistent with the interests of the client."

26.     Brown violated Rule 3.2 by failing to file the brief by court deadlines.

**The A.A. Matter**

27.     A.A. was convicted of first-degree murder.

28. A.A. appealed the conviction, arguing that the trial court's pre-trial rulings violated his due process right to present certain evidence in his defense.

29. In April 2014 the court of appeals affirmed A.A.'s conviction.

30. After the appellate process ran its course, A.A. filed a petition for post-conviction relief on November 23, 2014. Due to a conflict, the matter was assigned to the Office of Public Advocacy, which eventually assigned the matter to Brown under a contract.

31. Brown entered her appearance as counsel on February 1, 2016.

32. Brown filed motions for multiple extensions of time to address the issues raised by A.A.'s initial application for post-conviction relief.

33. On April 11, 2017, the court dismissed A.A.'s post-conviction relief case after Brown missed numerous deadlines for filing an amended application for post-conviction relief, despite multiple notices from the court.

34. Brown has acknowledged her failures in this case: she missed numerous filing deadlines, she failed to respond to notices of non-compliance, she failed to respond to orders regarding non-compliance of counsel requiring that she show cause why the matter should not be dismissed, and she failed to timely advise A.A. of the dismissal or of his right to appeal it. Brown has made clear that the dismissal was her fault, not the fault of A.A.

35. On December 6, 2018, Brown wrote the Deputy Director of the Office of Public Advocacy to notify the office that she had missed the deadlines in the post-conviction relief case, that she failed to tell A.A. that his case had been dismissed, and that she failed to file an appeal. She asked that A.A. be assigned new counsel.

36. On December 6, 2018, Brown wrote A.A. to tell him that his case had been dismissed and to apologize to him. She promised to do her best to help new counsel to get his case back on track.

37.     On December 6, 2018, through counsel, Brown reported to Bar Counsel that she had failed to timely file pleadings and failed to communicate with A.A.

38.     On January 25, 2019, A.A., through newly-appointed counsel, filed a Motion to Re-open Post Conviction Relief Case Due to Counsel's Failure to Comply with Criminal Rule 35.1(e)(2).

39.     At the same time, A.A. also filed an appeal of the trial court's dismissal of his post-conviction relief action 21 months after the final judgment was issued.

40.     The court of appeals first stayed the appeal to allow the superior court to issue its decision on the request to reopen the post-conviction relief matter, and later dismissed the appeal on August 15, 2019.

41.     On August 8, 2019, the superior court granted the motion to re-open the post-conviction relief matter.  The post-conviction relief case is still pending.

## DISCIPLINARY VIOLATIONS

### Rule 1.3

### *Diligence*

42.     Brown violated Alaska Rule of Professional Conduct 1.3 when she failed to file the Amended Application for Post-Conviction Relief despite multiple extensions of time to prepare and file the amended application.

### Rule 1.4(a)

### *Communication of Case Status*

43.     Although A.A.'s post-conviction relief action was dismissed on April 11, 2017, Brown did not tell this to A.A. until she wrote him on December 6, 2018. She violated Alaska Rule of Professional Conduct 1.4(a) by failing to keep A.A. informed about a significant development in his case that affected the timing of decisions that A.A. would have to make.

## Rule 3.2

### *Expediting Litigation*

44.     Alaska Rule of Professional Conduct 3.2 requires a lawyer to make "reasonable efforts to expedite litigation consistent with the interests of the client."

45.     Brown violated Rule 3.2 by failing to file the amended petition after being granted extensions, failing to respond to court inquiries, and failing to move to reinstate after the petition's dismissal.

## SANCTION ANALYSIS

46.     The American Bar Association Standards for Imposing Lawyer Sanctions (1986) (ABA Standards), adopted in *In re Buckalew*, 731 P.2d 48 (Alaska 1986), and reported decisions of the Alaska Supreme Court, govern the sanctions for respondent's misconduct.

47.     Under ABA Standards § 3.0, the following factors are to be considered in imposing sanctions after a finding of lawyer misconduct:

(a)     the duty violated;

(b)     the lawyer's mental state;

(c)     the actual or potential injury caused by the lawyer's misconduct; and

(d)     the existence of aggravating or mitigating factors.

48.     These factors are addressed in a three-part methodology: (1) determine the first three factors; (2) determine recommended sanction; and (3) determine whether aggravating or mitigating circumstances exist. *In re Schuler*, 818 P.2d 128, 140 (Alaska 1991).

**Part 1: Duty Violated; Lawyer's Mental State; Actual or Potential Injury**

**A. Duty Violated**

49.     By violating Rule 1.3 and Rule 1.4(a), Brown violated a duty owed to her client to file pleadings timely and to communicate candidly and promptly. *See* ABA Standards § 4.4.

50.     By violating Rule 3.2, Brown breached a duty owed to the legal system. *See* ABA Standards § 6.2.

**B. Mental State**

51.     Under the ABA Standards:

" 'Intent' is the conscious objective or purpose to accomplish a particular result."

" 'Knowledge' is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result."

" 'Negligence' is the failure of the lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation."

52.     Brown is an experienced criminal practitioner who acted knowingly when she failed to appeal the dismissal of M.N.'s post-conviction relief action, when she failed to tell him his post-conviction relief action was dismissed, and when she failed to tell him of his right to appeal the dismissal and the timeline for doing so. She acted knowingly during her representation of A.A. when she ignored deadlines extended at her request, ignored court inquiries, and ignored her duty to tell her client promptly about the dismissal of his petition and remedies he might pursue.

## C. Actual or Potential Injury

53. M.N. experienced actual injury through the stress and anxiety he experienced when he learned his post-conviction relief action was dismissed and his right to appeal had expired a year earlier. He experienced actual injury when he was unable to reach his lawyer and Brown did not attempt to set up a teleconference at the correctional facility in order to notify him. There was potential for very serious injury if the court had not granted his motion to accept a late-filed appeal. A.A. experienced similar distress after learning his matter had been dismissed and the deadline to contest the dismissal had passed. A.A.'s efforts to obtain relief are still pending in court.

## Part 2: Recommended Sanction under ABA Standards

54. ABA Standards § 4.42 states a suspension is generally appropriate when:

    (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

    (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

55. A suspension is an appropriate discipline for Brown's knowing failure to file pleadings timely in two matters, her knowing failure to tell her clients about the dismissals, and her failure to advise them timely about the means of rectifying her errors.

56. ABA Standards § 6.22 states that a suspension is generally appropriate "when a lawyer knows that [she] is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding."

57. A suspension is an appropriate discipline for Brown's failure to meet court deadlines in two matters and failing to advance her clients' matters without undue

delay. The delays and resulting dismissals of the court cases were not consistent with the interests of her clients.

58. The parties agree that a suspension is also warranted because of disciplinary sanctions issued in 2014 and 2017 for Brown's misconduct. Although the disciplinary sanctions were issued for violations of different rules, the nature of the misconduct — failure to act — is similar.

## Part 3: Aggravating and Mitigating Factors

59. ABA Standards § 9.0 sets out factors that may be considered in aggravation and mitigation. Factors that serve to aggravate Brown's conduct are:

- prior disciplinary offenses (§ 9.22(a)); Bar Counsel issued a written private admonition to Brown in 2014. Brown and her client disputed an amount of fees owed for representation on a criminal appeal. Brown agreed to refund some portion of her fee and the parties would arbitrate as to the remainder. A fee arbitration panel stated that Brown failed to calculate and promptly pay the uncontested amount prior to the fee hearing. Brown violated Rule 1.5 by failing to avoid a controversy over fees and Rule 1.15 by failing to account for and deliver fees promptly;

In 2017, the Alaska Supreme Court publicly censured Brown for incompetently handling an appeal by relying on record citations to a grand jury transcript rather than citations to a trial transcript despite specific instructions to cite to the trial record. She deliberately failed to comply with the court of appeals order, but the parties agreed she did not do so out of purposeful contempt;

- a pattern of misconduct (§ 9.22(c));

- multiple offenses (§ 9.22(d));

- vulnerability of victims (§ 9.22(h)); M.N. and A.A. were deprived of an attorney's advice and had limited options to gain information because of their incarceration;

- substantial experience in the practice of law (§ 9.22(i)); Brown has been a member of the Alaska Bar since 1994.

60. Factors that serve to mitigate Brown's misconduct include:

- absence of a dishonest or selfish motive (§ 9.32(b));

- good faith effort to rectify the consequences of her misconduct (§ 9.32(d)); Brown assisted successor counsel by providing an affidavit stating the appeal deadline missed her calendar and M.N. was not at fault.

- full and free disclosure to disciplinary counsel and cooperative attitude toward proceedings (§ 9.32(e)); Brown self-reported to Bar Counsel and candidly disclosed she was "not going to try to come up with a reason that explains [her failure to file] away because there is none";

- remorse (§ 9.32)(*l*)).

61. The parties agree that each disciplinary case is decided upon its own particular set of facts, including the proper balancing of aggravating and mitigating circumstances. Here the mitigating facts help to offset several aggravating factors, but not sufficiently to merit reduction in a presumptive sanction of suspension, particularly in light of earlier discipline.

## OTHER AUTHORITY

62. Brown and Bar Counsel have considered the following unreported cases in which professional discipline was imposed by the Alaska Supreme Court for lack of diligence and failure to communicate. *In the Disciplinary Matter Involving Jay Durych*, Supreme Court No. S-13122 (Order of 08/01/08), the Alaska Supreme Court issued a 2-year suspension with 90 days to serve for neglect and failure to communicate (2 clients); *In the Disciplinary Matter Involving Amy Simpson*, Supreme Court No. S-12952 (Order of 02/05/08), the Alaska Supreme Court ordered a 1-year suspension with 120 days to serve for neglect, failure to communicate, and failure to respond to the

Bar (7 clients); *In the Disciplinary Matter Involving Gary Foster*, Supreme Court No. S-11274 (Order of 02/05/04), the Alaska Supreme Court ordered a 3-year suspension with 2 years stayed for neglect, failure to communicate, failure to respond to the Bar, violation of a court order, and dishonesty (4 clients); *In the Disciplinary Matter Involving Randall W. Patterson*, Supreme Court No. S-11502 (Order of 07/22/04), the Alaska Supreme Court publicly censured Patterson for lack of diligence by failing to comply with court of appeals filing deadlines, failing to move to reinstate an appeal, failing to make reasonable efforts to expedite litigation, failing to comply with court orders, and failing to pay a court-ordered fine imposed for missing deadlines.

## STIPULATED DISCIPLINE

63. Subject to approval by the Disciplinary Board of the Bar and by the Alaska Supreme Court, Brown and Bar Counsel agree that Brown will accept a suspension of three years and one day by the Alaska Supreme Court under Bar Rule 16(a)(2) with one year of the suspension stayed. Reinstatement proceedings following a served suspension of two years and one day will be conducted as set out in Alaska Bar Rule 29(c)(1)-(4). Brown will comply with the following conditions:

(a) Brown will be required to be supervised/mentored by an attorney on active status with the Alaska Bar Association who is mutually acceptable to Bar Counsel and Brown for a period of twelve months following reinstatement to the practice of law. The supervising/mentoring attorney will meet at least monthly with Brown to discuss matters such as case management, compliance with court deadlines, and communications with clients. The supervising/mentoring attorney will report telephonically to Bar Counsel monthly;

(b) In response to the lack of competence and the disregard of a court order that resulted in discipline in ABA File No. 2016D120, the Office of Public Advocacy removed Brown from the T.K. appeal and all other appellate cases under

contract with the agency where an opening brief had not yet been submitted. Bar Counsel has obtained a listing of cases in which Courtview indicates Brown is counsel. Bar Counsel and Respondent are working on an Excel sheet to track the status of those cases. Several of the cases listed in Courtview are in fact not active cases. This process is ongoing. Brown has been winding down her practice. Following the two years and one day of served suspension, if Brown successfully reinstates to practice law in Alaska, she will be supervised as described in paragraph (a) for twelve months if she engages in the active practice of law. During the term of supervision, if Brown commits a violation of Alaska Rules of Professional Conduct 1.3 or 1.4, and if the Disciplinary Board or the Supreme Court imposes discipline for the new misconduct, the one year of stayed suspension in the present case will be imposed in addition to any discipline ordered for the new misconduct;

(c) Brown will certify to Bar Counsel that she has earned at least 9 credit hours of continuing legal education in the areas of ethics and law office management prior to seeking reinstatement; and

(d) Pursuant to the schedule provided in Alaska Bar Rule 16(c)(3), Brown will pay $1,000 in costs and attorney fees to the Alaska Bar Association within 60 days of entry of the court's order.

DATED this 18th day of August, 2020, at Anchorage, Alaska.

ALASKA BAR ASSOCIATION


_____/s/_____
Louise R. Driscoll
Assistant Bar Counsel
Bar Member No. 8511152

DATED this 17th day of August, 2020, at Anchorage, Alaska.

/s/
_____
Gayle Brown
Respondent
Bar Member No. 9411094

DATED this 17th day of August, 2020, at Anchorage, Alaska.

/s/
_____
John M. Murtagh
Attorney for Respondent
Bar Member No. 7610119

## CONSENT OF RESPONDENT

Respondent hereby consents, pursuant to Alaska Bar Rule 22(h), to the discipline stipulated above and states that this consent is freely and voluntarily given and is not the subject of any coercion or duress and that Respondent admits to the allegations set forth above.

DATED this 17th day of August, 2020, at Anchorage, Alaska.

/s/
_____
Gayle Brown
Respondent
Bar Member No. 9411094

## DECLARATION REGARDING NOTARIZATION

Declaration of Respondent Attorney, Gayle Brown - Unsworn declaration as provided by AS 09.63.020:  I do not have available a notary public.  Therefore, I

invoke the option provided in AS 09.63.020, Certification of Documents, and I submit this statement under oath and without notarization:

During this coronavirus pandemic, I do not have a safe way to have this Stipulation by Consent formally notarized. I do swear and certify under penalty of perjury that the factual allegations made in this document are true and correct and that my statements made herein are true and correct. I make this declaration pursuant to AS 09.63.020(a).

DATED this 17th day of August, 2020, at Anchorage, Alaska.

_____/s/_____
Gayle Brown
Respondent
Bar Member No. 9411094
